UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHERYL GEER,**

       **Plaintiff,**                **CIVIL ACTION NO. 09-CV-11917**

  vs.

                                   **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**AMEX ASSURANCE CO.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S
ATTENDANCE AT IME'S AND FUNCTIONAL CAPACITY EVALUATION (DOCKET
NO. 17), GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S
DEPOSITION (DOCKET NO. 18), AND GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 30)**

These matters come before the Court on three motions. The first is Defendant's Motion to Compel Plaintiff's Attendance at an Independent Medical Examination ("IME") and Functional Capacity Evaluation filed on September 18, 2009. (Docket no. 17). The second is Defendant's Motion to Compel Plaintiff's Deposition filed on September 18, 2009. (Docket no. 27). The third is Plaintiff's Motion for Protective Order Regarding Attendance at IME's filed October 29, 2009. (Docket no. 30). Plaintiff has responded to the Defendant's Motions to Compel. (Docket nos. 23, 24). Defendant has not responded to the Plaintiff's Motion for Protective Order and the time for response has expired. The parties have filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 32). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 19, 33). The Court heard oral argument on the motions on November 16, 2009. These matters are now ready for ruling.

1

**1. Defendant's Motion to Compel Plaintiff's Attendance at an IME (Docket no. 17) and Plaintiff's Motion for Protective Order (Docket no. 30).**

This is a first party PIP benefits case that arises out of a two-vehicle accident that occurred on November 17, 2001.  Plaintiff seeks to recover Michigan No-Fault benefits as well as reimbursement for monies paid by Medicare which allegedly should have been paid by Defendant insurer. (Docket no. 24).  On March 12, 2009 Plaintiff submitted to an IME performed by Dr. Stanley Sczecienski, D.O. related to an evaluation of her jaw, neck, back, hips, and legs. (Docket no. 23-4).  Dr. Liem performed an EMG on Plaintiff during the examination. (Docket no. 23-4). Plaintiff was scheduled to attend a second IME on March 23, 2009 conducted by Dr. Ellenberg.  In addition, Plaintiff was scheduled to attend a Functional Capacity Evaluation with Al Ellis, OTR on April 2, 2009. (Docket no. 23).  After Plaintiff failed to appear for the examinations with Dr. Ellenberg and Al Ellis, the Defendant filed the instant Motion to Compel.

Plaintiff objects to the Defendant's Motion, arguing that Dr. Sczecienski, Dr. Liem, and Dr. Ellenberg share similar credentials and specialties therefore the proposed testing with Dr. Ellenberg is unnecessary and duplicative.  Plaintiff moves the Court for a protective order precluding the Defendant from scheduling additional IME's with any doctor who specializes in internal medicine and rehabilitation, family medicine, osteopathic sports medicine, pain management, and electrodiagnostic testing. (Docket no. 30).  Plaintiff also asks for an order precluding the Defendant from noticing or scheduling Plaintiff for any testing, invasive or otherwise, and from performing such testing on Plaintiff in the course of any IME. (Docket no. 30).

On November 16, 2009 the Court held a hearing on the motions during which Defendant argued that the IME to be conducted by Dr. Ellenberg will not duplicate the examination previously

2

performed by Dr. Sczecienski.  Defendant argued that Dr. Sczecienski specializes in pain management and his evaluation of Plaintiff was limited to that issue.  Defendant further argued that Dr. Ellenberg runs a work hardening program and will evaluate Plaintiff in that capacity.

Federal Rule of Civil Procedure 35 provides that "on motion for good cause" shown the court in which the action is pending "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  The decision whether to order an examination is committed to the sound discretion of the court.  *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 688 (10th Cir. 2007).

The curriculum vitae of Dr. Sczecienski shows that he is a Diplomate of the American Academy of Pain Management, a member of the American Association for the Study of Pain, and the Medical Director for the Westland Clinic Pain Center. (Docket no. 23-3).  A review of the report written by Dr. Sczecienski following his evaluation of Plaintiff shows that he referred to Plaintiff's complaints of pain on several occasions.  (Docket no. 23-3).  The Court has also reviewed the credentials of Dr. Ellenberg and Dr. Liem, and finds that Dr. Ellenberg is also board certified in pain medicine.  Both Dr. Ellenberg and Dr. Liem specialize in physical medicine and rehabilitation.

Having considered the pleadings and arguments of the parties, the Court finds that the Plaintiff's physical condition is "in controversy" and Defendant has demonstrated good cause pursuant to Rule 35 to justify the IME with Dr. Ellenberg.  The Court will therefore order Plaintiff to submit to an IME conducted by Dr. Ellenberg.  The Court will also grant Plaintiff's Motion for Protective order to the extent it asks for an order precluding the Defendant from noticing, scheduling, or authorizing invasive testing on Plaintiff in the course of any IME.

**2. Defendant's Motion to Compel Attendance at the Functional Capacity Evaluation (Docket no. 17)**

Defendant seeks to compel Plaintiff's attendance at a Functional Capacity Evaluation performed by Al Ellis, OTR. Defendant argues that an assessment of Plaintiff's skills and abilities is necessary since it will be responsible for paying for the vocational rehabilitation which Plaintiff currently seeks. (Docket no. 17 at 2). Plaintiff in response contends that Al Ellis is not a physician and therefore is not authorized to conduct the Functional Capacity Evaluation without physician oversight or referral. Plaintiff further contends that the Functional Capacity Evaluation will not address an issue "in controversy" under Rule 35 because it relates to the vocational rehabilitation of Plaintiff, and expenses related to vocational rehabilitation have not yet been incurred. Plaintiff also asserts that the Defendant has access to a Functional Capacity Evaluation the Plaintiff underwent in 2004. Finally, Plaintiff argues that her treating neurologist, Dr. Jeffrey Goldberg, advised her not to participate in the Functional Capacity Evaluation because doing so may be detrimental to her well-being. A letter to that effect signed by Dr. Goldberg is included in the record. Plaintiff seeks a protective order on the grounds that the evaluation will cause her annoyance, physical oppression and harm, and is an undue burden.

The Court finds that the Plaintiff's physical condition is in controversy and Defendant has shown good cause to conduct a Functional Capacity Evaluation pursuant to Rule 35. At the November 16, 2009 hearing, the parties agreed to schedule and conduct the Functional Capacity Evaluation pursuant to the following guidelines: The Defendant will submit a proposed list of tasks Plaintiff will perform during the Functional Capacity Evaluation to Plaintiff's counsel and to Plaintiff's current medical treater, Dr. Pollina. Dr. Pollina will evaluate each proposed task and,

within fourteen days of receipt of the proposed list of tasks, offer the parties his written opinion on whether Plaintiff is medically able to perform each task. Dr. Pollina should state in writing whether and in what manner a task must be modified or limited to accommodate Plaintiff's medical condition. If Dr. Pollina concludes that the Plaintiff is medically capable of undergoing the evaluation, the Defendant will schedule the evaluation pursuant to Rule 35 at a date and time convenient to the parties, but not later than January 11, 2010. If Dr. Pollina concludes that the Plaintiff is not able to undergo any testing, the Defendant will not schedule the Functional Capacity Evaluation. Dr. Pollina may observe the Functional Capacity Evaluation if Plaintiff deems it necessary. Costs associated with Dr. Pollina's time spent evaluating the proposed tasks or observing the testing will be borne by the Plaintiff.

**3. Defendant's Motion to Compel Plaintiff's Deposition**

Defendant deposed Plaintiff on January 21, 2009 related to claims asserted in Plaintiff's original Complaint. Plaintiff subsequently filed a First and Second Amended Complaint and the Defendant sought to redepose Plaintiff. Plaintiff has refused to submit to a second deposition. In the instant motion, Defendant moves the Court for an order compelling Plaintiff to appear for a second deposition related to claims in the Second Amended Complaint which were not part of the original Complaint.

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides that a party must obtain leave of the court to depose a witness who has already been deposed in the case. If requested, the court must grant leave to the extent the request is consistent with Rule 26(b)(2). Defendant filed the instant Motion to Compel without first seeking leave to take Plaintiff's deposition for a second time. The Court will therefore construe the instant Motion as a request for leave to take a second deposition

of Plaintiff.  Defendant states that the second deposition can be completed in less than two hours.  The Court finds that the Defendant has established a need to depose Plaintiff related to counts II, III, IV, V, and VI of the Second Amended Complaint.  The deposition will be limited to two hours.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff's Attendance at IME is **GRANTED**.  Defendant is ordered to schedule Plaintiff to undergo an IME with Dr. Ellenberg pursuant to Rule 35 at a date and time convenient to the parties and to the doctor, but not later than January 11, 2010.  The Plaintiff is ordered to appear and submit to the IME conducted by Dr. Ellenberg.

**IT IS FURTHER ORDERED** that the Plaintiff will submit to a Functional Capacity Evaluation with Al Ellis, OTR pursuant to the following guidelines:

a.  Defendant will submit a proposed list of tasks Plaintiff will perform during the evaluation to Plaintiff's counsel and to Dr. Pollina, Plaintiff's current medical treater, prior to scheduling the evaluation.

b.  Dr. Pollina should evaluate each proposed task and, within fourteen days of receipt of the proposed list of tasks, offer the parties his written opinion on whether the Plaintiff is medically able to perform each task.

c.  Dr. Pollina should state in writing whether and in what manner a proposed task must be modified or limited to accommodate Plaintiff's medical condition.

d.  If Dr. Pollina concludes that the Plaintiff is medically capable of undergoing the evaluation, the Defendant will schedule the evaluation pursuant to Rule 35 at a date and time convenient to the parties and Al Ellis, but not later than January 11, 2010.

e.  If Dr. Pollina concludes that the Plaintiff is not able to undergo the Functional Capacity

Evaluation, the Defendant will not schedule the evaluation.

f.   Dr. Pollina may observe the Functional Capacity Evaluation if Plaintiff deems it necessary.

f.  Costs associated with Dr. Pollina's time spent evaluating the proposed tasks or observing the Functional Capacity Evaluation will be borne by the Plaintiff.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Plaintiff's Deposition is **GRANTED**.  Defendant will serve on Plaintiff a notice of deposition to be conducted on or before December 21, 2009.  The deposition is limited to two hours and must relate to counts II, III, IV, V, and/or VI of the Second Amended Complaint.  The Plaintiff is ordered to appear at the noticed deposition.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Motion is granted to the extent that it asks for an order precluding the Defendant from noticing or scheduling any invasive testing, and from authorizing any physician or other medical professional to perform invasive testing on Plaintiff in the course of any IME.  In all other respects, Plaintiff's Motion for Protective Order is denied.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 04, 2009              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 04, 2009              s/ Lisa C. Bartlett
                                      Case Manager