UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL GEER,

    Plaintiff,

v.

    Case No. 09-11917
    Hon. Lawrence P. Zatkoff

AMEX ASSURANCE CO.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on (1) Defendant's motion for partial summary judgment on Count II of Plaintiff's second amended complaint [dkt 34]; and (2) Defendant's motion for partial summary judgment on Count VI of Plaintiff's second amended complaint [dkt 35]. Plaintiff has responded to each motion, and the time in which to reply to each motion has lapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons that follow, each motion is GRANTED IN PART and DENIED IN PART, and Defendant is ORDERED to SHOW CAUSE why the remaining state-law claims should not be remanded to the Wayne County Circuit Court.

## II. BACKGROUND

This case arises from injuries that Plaintiff sustained in a November 17, 2001, automobile accident. At the time of the accident, Plaintiff was insured under a no-fault vehicle insurance policy issued by Defendant.

In 2003, Plaintiff filed an action against Defendant in the Wayne County Circuit Court, seeking proceeds for her injuries in accordance with her insurance policy. In that action, the parties settled Plaintiff's claims for benefits incurred between the date of the accident and February 28, 2003. In 2005, Plaintiff filed a second action in that court, which resolved benefits incurred between February 28, 2003, and July 20, 2005. In 2009, Plaintiff filed the current action in the Wayne County Circuit Court, and Defendant removed the case because Plaintiff's complaint alleged a claim arising under the federal Medicare Secondary Payer statute ("the MSP"), 42 U.S.C. § 1395y. In her second amended complaint, Plaintiff seeks the payment of benefits incurred since July 20, 2005. Defendant has filed two motions for partial summary judgment, arguing that Counts II and VI of Plaintiff's second amended complaint should be dismissed.

## III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to

support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. Motion for Partial Summary Judgment—Count II

In Count II of her second amended complaint, Plaintiff alleges that Defendant's non-payment of benefits violates the Michigan Uniform Trade Practices Act ("UTPA"), Mich. Comp. Laws. § 500.2001 *et seq*. Defendant contends that the UTPA does not contemplate a private cause of action. Plaintiff maintains that *Griswold Properties, L.L.C. v. Lexington Insurance Co.*, 741 N.W.2d 549 (Mich. Ct. App. 2007), altered Michigan law such that her UTPA claim is now viable.

The self-defined purpose of the UTPA is to "regulate trade practices in the business of insurance . . . by defining, or providing for the determination of . . . all such practices in this state which constitute unfair methods of competition or unfair or deceptive actions or practices, and by prohibiting the trade practices so defined or determined." Mich. Comp. Laws § 500.2002. Count II of Plaintiff's second amended complaint is premised on §§ 500.2005, 500.2005(a), and 500.2006 of the UTPA.

Defendant relies on *Makki ex rel. Baghdadi v. Farmers New World Life Insurance Co.*, 49 Fed. Appx. 36 (6th Cir. 2002), *Isagholian v. Transamerica Insurance Corp.*, 527 N.W.2d 13 (Mich. Ct. App. 1994), and *Young v. Michigan Mutual Insurance Co.*, 362 N.W.2d 844 (Mich. Ct. App.

3

1984), to establish that Plaintiff's UTPA claim is untenable. Defendant is correct that the UTPA does not generally provide for a private right of action. *See Makki*, 49 Fed. Appx. at 41; *Isagholian*, 527 N.W.2d at 17; *Young*, 362 N.W.2d at 846. *See also Herfy Sub, Inc. v. Northland Ins. Co.*, No. 08-11644, 2009 WL 3490292, at *5 (E.D. Mich. Oct. 23, 2009); *Burnett v. Nationwide Mut. Ins. Co.*, No. 212413, 2000 WL 33417376, at *6 (Mich. Ct. App. July 7, 2000).

However, Plaintiff cites § 500.2006 of the UTPA, which requires that an insurance company be penalized at a rate of 12% per annum for the untimely payment of benefits. Section 500.2006 is an exception to the general rule that a private cause of action does not exist under the UTPA, and despite Plaintiff's reliance on *Griswold*, this exception was established long before that case was decided. *See Barker v. Underwriters at Lloyd's, London*, 564 F. Supp. 352, 355 (E.D. Mich. 1983) ("The Michigan courts have indicated that a private party may directly recover this interest penalty in an action against the insurer."); *Young*, 362 N.W.2d at 846 ("This Court has held that a private party may directly recover the interest penalty in an action against the insurer.").

None of Defendant's cited cases invoked the penalty-interest provision, and they are therefore distinguishable from *Griswold* and others that involved an action for penalty interest. In *Makki*, the plaintiff cited a provision of the UTPA, § 500.2019, regarding rate discrimination in life-insurance contracts. 49 Fed. Appx. at 41. The *Isagholian* plaintiff sought damages for mental distress based on the breach of an insurance contract. 527 N.W.2d at 17. Likewise, in *Young*, the plaintiff attempted to recover under § 500.2006 on an implied theory of tort, which the court rejected while acknowledging the availability of penalty interest under that section. 362 N.W. at 846 ("However, the interest penalty is not what plaintiff sought here.").

Count II also references §§ 500.2005 and 500.2005(a). As stated above, the UTPA does not

4

otherwise provide for a private cause of action, and Plaintiff cannot recover under the act outside of the interest penalty. *See Roberts v. Principal Life Ins.*, No. 07-11936, 2009 WL 691872, at *5–6 (E.D. Mich. Mar. 12, 2009) (dismissing all UTPA claims except that for penalty interest); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Arioli*, 941 F. Supp. 646, 655 (E.D. Mich. 1996) (granting summary judgment on claim brought under § 500.2005 of the UTPA).

The Court therefore concludes that Plaintiff is entitled to seek penalty interest under Mich. Comp. Laws § 500.2006, and it denies Defendant's motion insofar as Defendant moved to preclude such recovery. The Court grants the remainder of Defendant's motion because the UTPA does not otherwise provide a private cause of action.

**B. Motion for Partial Summary Judgment—Count VI**

Defendant also challenges Count VI of Plaintiff's second amended complaint, which arises under the MSP. Defendant further insists that Counts III-V of the second amended complaint must be dismissed if the Court determines Count VI to be improperly brought.

"The MSP statute was passed in response to a dramatic increase in Medicare expenditures." *Baptist Mem'l Hosp. v. Pan Am. Life Ins. Co.*, 45 F.3d 992, 997 (6th Cir. 1995). "In the MSP statute Congress made Medicare coverage secondary to any coverage provided by private insurance programs. It did so in order to lower Medicare costs." *Perry v. United Food & Commercial Workers Dist. Unions 405 & 442*, 64 F.3d 238, 243 (6th Cir. 1995).

The MSP allows Medicare to submit conditional payments to health care providers "if a primary plan . . . has not made or cannot reasonably be expected to make payment with respect to such item or service promptly." 42 U.S.C. § 1395y(b)(2)(B)(i). The primary insurance provider must reimburse Medicare for any such conditional payment "if it is demonstrated such primary plan

5

has or had a responsibility to make payment with respect to such item or service." *Id*. § 1395y(b)(2)(B)(ii). If Medicare is not timely reimbursed for its conditional payments, the MSP authorizes an action by the government or by a private party to enforce the reimbursement provisions of the statute by seeking double damages against a non-compliant insurer. *See id*. § 1395y(b)(2)(B)(iii), (b)(3)(A).

Defendant first contends that the statute is not a *qui tam* statute and Plaintiff lacks standing to enforce the government's right to payment. The Sixth Circuit has expressly held that the MSP is not a *qui tam* statute. *See Stalley v. Methodist Healthcare*, 517 F.3d 911, 919 (6th Cir. 2008). This is consistent with the holdings of the other circuits. *See Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 101 (2d Cir. 2009); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 527 (8th Cir. 2007); *United Seniors Ass'n, Inc. v. Philip Morris USA*, 500 F.3d 19, 26 (1st Cir. 2007). Hence, Plaintiff cannot assert standing based on a *qui tam* theory.

Plaintiff, however, insists that Count VI is brought to enforce her personal rights under the statute and not those of the government. Defendant argues that Plaintiff lacks standing because she has not suffered any injury and Defendant's obligation to reimburse Medicare has yet to be determined.

The MSP's private cause of action is as follows:

> There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with such paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(b)(3)(A).

There are two important conditions precedent that must be satisfied prior to invoking this

6

cause of action. First, Medicare must have actually made payments on the plaintiff's behalf. *See Perry*, 64 F.3d at 244 ("When Medicare is not involved in an insurance coverage dispute, however, that program's fiscal integrity is not threatened, and the MSP statute does not apply."). In this case, it is undisputed that Medicare has made conditional payments on behalf of Plaintiff; thus, Plaintiff easily satisfies the first prerequisite.

Second, the primary insurer must be "responsible" for paying the benefits at issue. This responsibility may be "demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii); *see also* 42 § C.F.R. § 411.22.

The requirement to demonstrate the primary insurer's responsibility to pay applies to the private cause of action as well. *See, e.g.*, *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006) ("Until Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated (for example, by a judgment), Defendants' obligation to reimburse Medicare does not exist under the relevant provisions."); *Bio-Medical Applications of Ga., Inc. v. City of Dalton, Ga.*, 685 F. Supp. 2d 1321, 1331 (N.D. Ga. 2009) (finding that "the 'weight of the authority' holds that the MSP Act requires a primary plan to have a demonstrated obligation to pay before a private cause of action may arise") (collecting cases); *Graham v. Farm Bureau Ins. Co.*, No. 1:07-cv-241, 2007 WL 891895, at *3 (W.D. Mich. Mar. 21, 2007) ("Plaintiff's complaint is based upon the erroneous legal conclusion that the MSP statute somehow makes [the insurer] automatically liable to pay plaintiff's medical expenses, merely because that company insures the premises where plaintiff was injured.").

The above-cited cases were based in tort and workers' compensation benefits, whereas this case presents a direct breach-of-contract claim. The parties, however, have identified no precedent distinguishing the above cases from the breach-of-contract context, nor has the Court uncovered any such ruling.

In *Fisher v. Clarendon National Insurance Co.*, No. 07-4092, 2008 WL 191813, at *2 (W.D. Mo. Jan. 18, 2008), the court rejected an argument that the mere presence of an insurance contract demonstrated the insurer's duty to pay benefits under the MSP. However, the court noted that the plaintiff was covered by a workers' compensation plan, and that the board had jurisdiction to determine liability. *Id*. While *Fisher* suggests that an insurance contract alone does not demonstrate an insurer's responsibility to reimburse Medicare, that conclusion was in the context of a workers' compensation regime, which is substantially different than a direct claim for no-fault benefits.

A closer analogy is found in *United States ex rel. Mason v. State Farm Mutual Automobile Insurance Co.*, No. CV07-297-S-EJL, 2009 WL 2486339 (D. Idaho Aug. 13, 2009), where the court reasoned that "any duty [the insurer] had to reimburse Medicare did not arise at the time [the hospital] submitted its claim to Medicare[.]" While *Mason* was rooted in claims brought under the Federal False Claims Act, 31 U.S.C. § 3729 *et seq*., the court noted that the MSP dictated those claims regarding Medicare reimbursement, and the quoted language suggests that something more than the existence of an insurance contract, or the submission of a claim for benefits, is required to establish the insurer's duty to reimburse Medicare.

Likewise, in those cases where a plaintiff was permitted to proceed on a MSP claim, the defendant's obligation to pay benefits was previously established. *See Manning v. Utils. Mut. Ins. Co., Inc.*, 254 F.3d 387 (2d Cir. 2001) (allowing MSP private claim where both state workers'

8

compensation board and New York Attorney General ordered the insurer to pay benefits); *O'Connor v. Mayor & City Council of Baltimore*, 494 F. Supp. 2d 372 (D. Md. 2007) (finding that the plaintiff had standing to sue on behalf of Medicare where the state workers' compensation board had ordered the city to pay the plaintiff's medical benefits and the city failed to comply).

Furthermore, the Court is persuaded by *Glover*'s succinct explanation of the rationale for the "demonstrated" requirement. In *Glover*, the court reasoned that permitting a MSP claim to be litigated simultaneously with the underlying claim would "drastically expand federal court jurisdiction by creating a federal forum to litigate any state tort claim . . . without regard to diversity of citizenship or amount in controversy." 459 F.3d at 1309. While *Glover* involved a tort action, the court's jurisdictional concerns would apply equally to state-law contract claims or claims brought under Michigan's No-Fault Act. The *Glover* court also objected to the implication that "an alleged tortfeasor that is sued under the MSP (instead of under state tort law) could not contest liability without risking the penalty of double damages." *Id*. Again, the same holds true here, as an insurance company would be automatically exposed to the penalty anytime it makes a good-faith challenge to claimed benefits. *See Nat'l Comm. to Preserve Soc. Sec. & Medicare v. Philip Morris USA Inc.*, 601 F. Supp. 2d 505, 510 (E.D.N.Y. 2009) (dismissing MSP claim based on *Glover*'s discussion of the "disturbing practical consequences" of allowing such claim before liability is demonstrated).

There is no evidence that Plaintiff has established Defendant's responsibility under Michigan's No-Fault Act or the insurance policy to pay benefits accrued since July 20, 2005. While the parties have settled prior claims, those settlements were for specific time periods and amounts, and they cannot be thought to infinitely establish Defendant's obligation to pay benefits. The Court

finds no justification to differentiate Plaintiff's contract-based claims from tort claims or workers' compensation claims by allowing Plaintiff to proceed with her MSP claim before liability has been established on the underlying dispute.

The Court therefore finds Plaintiff's MSP claim to be premature, and it grants summary judgment on Count VI of Plaintiff's second amended complaint insofar as the MSP claim is dismissed without prejudice. *See Stalley v. Erlanger Health Sys.*, No. 1:06-CV-194, 2007 WL 672301, at *5 (E.D. Tenn. Feb. 28, 2007) ("An MSP claim is not ripe until Defendants' responsibility has been shown by something akin to a judicial determination or settlement.").[1]

Finally, Defendant requests that the Court dismiss Count III (Common Law Reimbursement), Count IV (Statutory Conversion), and Count V (Common Law Conversion) of the second amended complaint if Count VI is dismissed, because those claims are "seemingly derivative" of Count VI. The Court finds that Defendant has provided no evidence or argument that these counts are not tenable outside of the MSP context, or that, unlike a MSP claim, they cannot be brought simultaneously with a claim for benefits. Considering the lack of legal argument and support, the Court finds summary judgment inappropriate on Counts III-V, and it denies Defendant's motion for summary judgment on Count VI insofar as it requests dismissal of those counts.

## C. Show Cause

This opinion and order extinguishes the only federal claim pleaded in Plaintiff's second

---

[1] Plaintiff suggests that the proper course of action is for the Court to remand, rather than dismiss, the MSP claim based on *Wheeler v. Travelers Insurance Co.*, 22 F.3d 534 (3d Cir. 1994). However, the claim in *Wheeler* was asserted under state no-fault insurance law, and the plaintiff invoked the MSP only to demonstrate that she would be required to submit any recovery to Medicare. Here, Plaintiff stated a direct cause of action under the MSP, and that federal claim would be no more timely in state court than it was in federal court. Therefore, dismissal without prejudice is the appropriate resolution.

10

amended complaint. Although it appears that the parties are of diverse citizenship, there is no evidence that this case satisfies the amount-in-controversy requirement. Therefore it is HEREBY ORDERED that Defendant SHOW CAUSE, in writing, within 7 days of the entry of this order, why the remaining state-law claims should not be remanded to Wayne County Circuit Court for lack of subject-matter jurisdiction. Defendant's response shall contain specific and accurate legal support, including pinpoint citations to authority relied on and shall be limited to ten pages and comply with E.D. Mich. L.R. 5.1.

If Defendant argues that diversity jurisdiction is satisfied, Plaintiff may respond to Defendant's brief within 7 days of the filing of that brief. If Plaintiff challenges the amount-in-controversy requirement, Plaintiff shall include with her submission a signed statement itemizing her estimated damages as required by E.D. Mich. L.R. 81.1(d).

After reviewing the parties' filings, the Court will take appropriate action.

## V. CONCLUSION

Accordingly, and for the above-stated reasons, IT IS HEREBY ORDERED that (1) Defendant's motion for summary judgment on Count II [dkt 34] is GRANTED IN PART and DENIED IN PART; and (2) Defendant's motion for summary judgment on Count VI [dkt 35] is GRANTED IN PART and DENIED IN PART;

IT IS FURTHER ORDERED that Defendant SHOW CAUSE, within 7 days of the entry of this order, why the Court should not remand Plaintiff's remaining state-law claims to the Wayne County Circuit Court for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

                S/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated: July 6, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 6, 2010.

                S/Marie E. Verlinde
                Case Manager
                (810) 984-3290